IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL E. GUNGOLL EXPLORATION, LLC | § § § | PLAINTIFF |
| v. | § § | CIVIL ACTION NO. 1:07CV991-LG-JMR |
| HORTON PETROLEUM CORPORATION, OAK HILL ENERGY, INC., and RIVERTON EXPLORATION | § § § § | DEFENDANTS |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss for Lack of Jurisdiction [5] filed by Defendants, Oak Hill Energy, Inc., and Riverton Exploration, and the Motion to Voluntarily Dismiss Riverton Exploration [9] filed by Plaintiff, Carl E. Gungoll Exploration, LLC.  Upon reviewing the submissions of the parties and the relevant law, the Court finds that the Motion to Dismiss for Lack of Jurisdiction should be granted, and the Motion to Voluntarily Dismiss Riverton Exploration should be denied as moot.

### DISCUSSION

Plaintiff filed this lawsuit against Riverton, Oak Hill, and Horton Petroleum, asserting that Defendants had breached the Joint Operating Agreement that was executed by Defendants and Plaintiff's predecessor, Legacy Resources, Co.  In its Complaint, Plaintiff seeks $46,398.42 in damages from Oak Hill in addition to interest, late fees, and attorneys' fees.  Plaintiff seeks $42,802.45 in damages from Horton Petroleum and $36,173.97 from Riverton in addition to interest, late fees, and attorneys' fees.

On September 14, 2007, Oak Hill and Riverton filed a Motion to Dismiss for Lack of Jurisdiction, asserting that the amount in controversy had not been met.  Defendants conceded in

their Motion that the amount in controversy could potentially be met as to Oak Hill, but asserted that the amount in controversy could not be met as to Riverton or Horton Petroleum Corporation.[1]  On October 24, 2007, Plaintiff filed a Motion to Voluntarily Dismiss Riverton and advised the Court that the parties were in agreement that the amount in controversy is met as to Oak Hill.

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00.  The party invoking federal jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence.  *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)).  The parties agree that the amount in controversy has been met as to Oak Hill, and Plaintiff does not argue that the amount in controversy is met as to Riverton or Horton Petroleum.  Rather, Plaintiff asserts that this Court should aggregate the damages claimed against the three defendants in order to achieve the amount in controversy, since this dispute arose out of the same transaction or occurrence.

The Fifth Circuit has held that "where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate."  *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (quoting *Cornell v. Mabe*, 206 F.2d 514, 516 (5th Cir. 1953)).  The Court in *Jewell* further noted that claims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount if they are jointly liable to the plaintiff.  *Jewell*,

---

[1] Horton Petroleum Corporation has not been served with process, and has not made an appearance in this case.

290 F.2d at 13.  In the present case, Plaintiff does not argue that Defendants are jointly liable for its damages, but argues that this Court should abrogate the *Jewell* decision and hold that damages asserted against separate defendants should be aggregated in order to reach the amount in controversy where the claims arose out of the same transaction or occurrence.  As this Court is bound by Fifth Circuit precedent, Plaintiff's invitation is respectfully declined.  Despite the parties concession regarding jurisdictional amount as to Oak Hill, this Court does not have jurisdiction over this lawsuit.  *See e.g. Pilgrim's Pride Corp. v. Frisco Food Services, Inc.,* 2007 WL 737737 (E.D. Tex. March 7, 2007).

      **IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss for Lack of Jurisdiction [5] filed by Defendants, Oak Hill Energy, Inc., and Riverton Exploration, should be **GRANTED**.  This action is hereby **DISMISSED WITHOUT PREJUDICE**.

      **IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Voluntarily Dismiss Riverton Exploration [9] filed by Plaintiff, Carl E. Gungoll Exploration, LLC, is **DENIED AS MOOT**.

      **SO ORDERED AND ADJUDGED** this the 26th day of November, 2007.

                                           s/ *Louis Guirola, Jr.*
                                           LOUIS GUIROLA, JR.
                                           UNITED STATES DISTRICT JUDGE